# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LAWRENCE COUNTY SCHOOL DISTRICT**  **PLAINTIFF**
**OF LAWRENCE COUNTY, ARKANSAS**

v.   CASE NO. 3:17-CV-00004 BSM

**MARION MCDANIEL, Individually**
**and as Parent of CM**   **DEFENDANT**

## ORDER

Defendant Marion McDaniel's motion for a preliminary injunction [Doc. No. 16] is granted.

### I.   BACKGROUND

CM is a fifth-grade student in the Lawrence County School District ("LCSD"). He has attended elementary school in LCSD since 2014. *Id.*

CM's father, defendant Marion McDaniel, filed a due process complaint against LCSD under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. section 1400, *et. seq.*, on May 10, 2016, alleging that CM was being denied a "free adequate public education." A state hearing officer determined that LCSD violated IDEA by failing to provide CM a "free adequate public education" and awarded him relief. Specifically, LCSD was ordered to secure and utilize the service of a behavioral analyst in conducting a functional behavioral assessment and individualized education plan if necessary; to conduct an evaluation on CM's pragmatic language deficits, adaptive behavior deficits, and functional impairments; to secure and utilize the services of a healthcare aid for CM, if necessary; and

to allow CM's mental health professionals to observe CM at school. LCSD filed this lawsuit appealing the hearing officer's decision. McDaniel now seeks a preliminary injunction ordering LCSD to implement the hearing officer's decision pending a decision on the merits.

## II. DISCUSSION
### A. IDEA

IDEA requires schools to provide students with disabilities a "free adequate public education." *See*, *e.g.*, *C.B. ex rel. B.B. v. Special School Dist. No. 1, Minneapolis, Minn.*, 636 F.3d 981, 989 (8th Cir. 2011). "In aid of this goal, the Act establishes a comprehensive system of procedural safeguards designed to ensure parental participation in decisions concerning the education of their disabled children and to provide administrative and judicial review of any decisions with which those parents disagree." *Honig v. Doe*, 484 U.S. 305, 308 (1988). It requires that states create a dispute resolution process, which may first involve an informal preliminary meeting or mediation between the aggrieved parents and school district. 20 U.S.C. §§1415(e), (f)(1)(B)(i).

If the parents and school district cannot come to an agreement, either party may seek administrative review of the school district's placement at a "due process hearing" before an administrative law judge or hearing officer. *Id.* at §1415(f). The decision of the hearing officer is "final," but "any party aggrieved by the findings and decisions" has a right to appeal to a federal district court or a state court of competent jurisdiction. *Id.* at §§1415(i)(1)(A), (2)(A). A party must bring an appeal within ninety days "from the date of the decision of the hearing officer" or as otherwise allowed by state law. *Id.* at §1415(i)(2)(A).

B. The "Stay-Put" Provision - Section 1415(j)

While an appeal is pending, IDEA's "stay-put" provision requires that a child "remain in the then-current education placement" unless the "State or local educational agency and the parents otherwise agree." 20 U.S.C. §1415(j); *Light v. Parkway C-2 School Dist.*, 41 F.3d 1223, 1227–28, (8th Cir. 1994). "By preserving the status quo ante, the stay-put provision ensures an uninterrupted continuity of education for a disabled child pending administrative resolution." *Light*, 41 F.3d at 1227 (citing *Logsdon on Behalf of Logsdon v. Board of Educ. of Pavilion Cent. School Dist.*, 765 F. Supp. 66 (W.D.N.Y.1991)).

The stay-put provision of IDEA is, in effect, an automatic "statutory injunction" akin to the automatic stay under the bankruptcy code. *Casey K. ex rel. Norman K. v. St. Anne Cmty. High School Dist. No. 302*, 400 F.3d 508, 511 (7th Cir. 2005); *Beth B. v. Van Clay*, 126 F. Supp.2d 532, 533 (N.D. Ill. 2000) ("Congress has provided a mandatory 'stay put' requirement . . . which functions, in essence, as an automatic preliminary injunction."). The stay-put requirement, however, can be overcome at the equitable discretion of a district court. *Honig*, 484 U.S. at 327–28.

A hearing officer's decision in favor of the parents is recognized as an "agreement by the State" for the purposes of the stay-put provision. *See West Platte R-11 School District v. Wilson ex rel. L.W.*, No. 04-6040-CV-SJ-ODS, 2004 WL 1895136, at *1 (W.D. Mo. 2004) (citing *School Comm. of Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 373 (1985)). The United States Department of Education has interpreted section 1415(j) as follows:

> If the hearing officer in a due process hearing conducted by the SEA [state education authority] or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, *that placement must be treated as an agreement between the State and the parents* for purposes of [the stay-put provision].

34 C.F.R. §300.518(d) (emphasis added); *see also Escambia County Bd. of Educ. v. Benton*, 358 F. Supp.2d. 1112, 1122 (S.D. Ala. 2005); *Susquenita School Dist. v. Raelee S. By and Through Heidi S.*, 96 F.3d 78, 83 (3d Cir. 1996) ("[t]he decision of the Supreme Court in *Burlington* established that a ruling by the education appeals panel in favor of the parents' position constitutes agreement for purposes of [the stay-put provision]"); *Board of Educ. of Pine Plains Central School Dist. v. Engwiller*, 170 F. Supp.2d 410, 414 (S.D.N.Y. 2001) ("the law treats an administrative decision favorable to the parents and against the District as creating a *de jure* agreement between the parents and the State"); *Murphy v. Arlington Cent. School Dist. Bd. of Educ.*, 86 F. Supp.2d 354, 358 (S.D.N.Y. 2000) ("once the parents receive an administrative decision in their favor, the current educational placement changes in accordance with that decision"); *St. Tammany Parish School Bd. v. State of La.*, 142 F.3d 776, 787 (5th Cir. 1998) (holding that the district court did not err when concluding that an administrative decision favoring parents was an agreement between the state and parents as to the appropriate placement during pendency of appeal).

Therefore, the hearing officer's decision is considered an agreement between McDaniel and the state of Arkansas as to CM's placement for the purposes of section 1415(j), notwithstanding LCSD's objection and appeal. In other words, during the pendency of LCSD's appeal, the hearing officer's decision effectively constitutes CM's "then-current" placement for the purpose of IDEA's stay-put requirement.

McDaniel is essentially seeking an injunction ordering LCSD to comply with the law. Moreover, LCSD has not demonstrated that it would be equitable to keep CM in his current placement while this appeal is pending. *See Honig*, 484 U.S. at 327–28. Therefore, the injunction must be granted.

An objection raised by LCSD at the hearing, however, is well taken. When LCSD implements the hearing officer's decision, LCSD will necessarily be precluded from relief even if it ultimately prevails on the merits of its appeal. Once LCSD undertakes another evaluation of CM and secures the services of specialists to implement a functional behavioral assessment and create an individualized education plan, it cannot later undo these actions. This, however, is simply the consequence of the law and its accompanying regulations. Moreover, it reflects the fact that IDEA was intended to create enhanced procedural safeguards to remedy the "natural advantage" often possessed by school officials in education disputes with parents. *See School Comm. of Burlington*, 471 U.S. at 373.

### III. CONCLUSION

For the reasons set forth above, McDaniel's motion for a preliminary injunction [Doc. No. 16] is granted, and LCSD is directed to comply with and implement the state hearing officer's decision while this appeal is pending.

IT IS SO ORDERED this 26th day of October 2017.

_____
UNITED STATES DISTRICT JUDGE