# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LAWRENCE COUNTY SCHOOL DISTRICT**                         **PLAINTIFF**
**OF LAWRENCE COUNTY, ARKANSAS**

**v.**                    **CASE NO. 3:17-CV-00004 BSM**

**MARION MCDANIEL, Individually**
**and as Parent of CM**                                      **DEFENDANT**

## ORDER

Defendant Marion McDaniel's motion to dismiss for lack of subject matter jurisdiction [Doc. No. 40] is denied because plaintiff Lawrence County School District's ("LCSD") appeal of the Arkansas Department of Education's ("ADE") administrative order is not yet moot. Because this motion raises an issue concerning subject matter jurisdiction, it is being addressed before and separate from LCSD's motion for summary judgment [Doc. No. 22].

When a case "no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1173 (8th Cir. 1994) (citation omitted). "One way a case can become moot is where an intervening event precludes a federal court from granting any effectual relief to any party." *Jefferson County Board of Education v. Bryan M*, 706 F. App'x 510, 513 (11th Cir. 2017). Compliance with an order under review "generally moots any appeal from that order—at least where the 'order was not a continuing injunction' and 'merely required [that party] to perform certain discrete acts.'" *Id.* (quotations omitted).

McDaniel asserts that LCSD's appeal is moot because LCSD has now complied with a preliminary injunction ordering it to implement the ADE order pursuant to the Individuals with Disabilities Education Act's ("IDEA") "stay-put" requirement. *See* Doc. No. 37. Specifically, the ADE order required LCSD to further evaluate CM for possible special education services. McDaniel argues that since the required evaluation has now occurred, there can be no "unevaluation" of the student, and LCSD has nothing left to appeal.

The appeal is not yet moot, however, because of McDaniel's counterclaims for alleged violations of Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act that are ancillary to LCSD's appeal under the IDEA. *See* Doc. Nos. 7, 27; Ex. 1, 33. These are still live and unresolved issues, and their presence requires adjudicating the appeal of the ADE's order on the merits. For this reason, McDaniel's motion to dismiss [Doc. No. 40] is denied.

IT IS SO ORDERED this 30th day of March 2018.

                                                                                _____
                                                                                 UNITED STATES DISTRICT JUDGE